Rev. Merle E. PARKER, D. D., Appellant,

v.

Arthur E. SUMMERFIELD, Postmaster General of the United States, et al., Appellees.

No. 14530.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 18, 1958.

Decided March 19, 1959.

Petition for Rehearing In Banc Denied April 23, 1959.

Appellants Petition for Rehearing Denied June 11, 1959.

See 265 F.2d 960.

Mr. Horace J. Donnelly, Jr., Washington, D. C., for appellant.

Mr. Edgar T. Bellinger, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellees.

Before PRETTYMAN, Chief Judge, and WILBUR K. MILLER and BAZELON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

On April 24, 1953, the then Solicitor of the Post Office Department instituted a proceeding, under the Department's Rules of Practice, against Merle E. Parker, alleging he was obtaining money through the mails for a course of instruction called "The Sacred Laws Behind Miracles" and one called "Secrets of Wealth, Power and Success," by fraudulent pretenses, representations and promises.[1]

---

1. The Solicitor's complaint contained the following allegations:

"That by means of the advertising matter copied in Exhibit 'B' hereto, mentioned in paragraph (2) above, the respondents are representing to the public in substance and effect:

"That the said 'Secrets of Wealth, Power and Success' will enable any person following the instructions contained

After a hearing, the examiner concluded a fraudulent intent had not been shown, and on November 6, 1953, filed an Initial Decision dismissing the complaint. The Solicitor having appealed to the Postmaster General, Parker moved to dismiss on the theory that the Solicitor had no right of appeal. This motion was denied by the Deputy Postmaster General on February 18, 1954. In November of that year, although he had taken no further step in the appeal to the Postmaster General, Parker sued in the United States District Court for the District of Columbia for declaratory and injunctive relief. His suit was dismissed because he had not exhausted his administrative remedies and, on appeal, the dismissal was upheld by this court. Parker v. Summerfield, 1957, 100 U.S.App.D.C. 98, 243 F. 2d 42.

The administrative appeal then proceeded, and was terminated April 24, 1958, when the Deputy Postmaster General affirmed the decision of the examiner as to the course called "Sacred Laws Behind Miracles," but reversed it as to the course called "Secrets of Wealth, Power and Success." With regard to the latter he found that Parker had "shown * * * such a reckless disregard for truth that an intent may be inferred from all of the testimony and the circumstances involved." He entered a fraud order directing the Postmaster to hold all mail sent to Parker with respect to the fraudulent course, and not to pay postal money orders made out to him therefor.

On May 2, 1958, Parker filed in the United States District Court for the District of Columbia a complaint for a declaratory judgment and for injunctive relief, seeking judicial review of the action of the Deputy Postmaster General.[2] The parties filed cross motions for summary judgment with exhibits attached which showed the entire administrative proceeding. The court filed findings of fact and conclusions of law and, pursuant to them, entered an order denying the plaintiff's motion for summary judgment and granting that of defendants. This appeal followed.

■ Pointing out that the statutes (39 U.S.C.A. §§ 259 and 732) authorize the Postmaster General, "upon evidence satisfactory to him," to issue fraud orders, the appellant argues that only the Postmaster General himself may take such action, and that, therefore, the Deputy Postmaster General's order in this case was entered by "an unqualified and unauthorized individual."

That the point is not well taken is demonstrated by an examination of the reorganization plan for the Post Office Department, and an order of the Postmaster General issued pursuant thereto, delegating to the Deputy Postmaster General the authority which is here questioned. Pursuant to the Reorganization Act of 1949, 5 U.S.C.A. § 133z, 63 Stat. 203, the President on June 20, 1949, transmitted to the Congress "Reorganization Plan No. 3 of 1949," with respect to the Post

---

therein to earn an 'Extra One Thousand Dollars' within six months after 'These Secrets' are put 'To Work;'

"That the said 'Secrets of Wealth, Power and Success' will reveal to the purchaser 'the real Open Sesame' to his 'most cherished dreams,' that is to say, that by following the instructions therein the remitter will be able to realize all of his most cherished desires;

"That the said 'Secrets of Wealth, Power and Success' will reveal to the remitter not only how he can 'start money rolling in at such a rate' that he 'may need help to count it,' but how he 'can keep it rolling in from now on;'

"That the 'Secrets of Wealth, Power and Success' will reveal and enable the remitter to acquire '25 Million Dollars' or 'a mere Twenty-five Thousand,' according to the remitter's desires, and;

"That the said 'Secrets of Wealth, Power and Success' will reveal and enable any remitter to do 'Anything that anyone else has ever done,' and there is no need for 'Education or Speciality' because those factors have 'very little to do with real success.' "

2. He did not allege that, under the fraud order, his mail was being opened by the Postmaster. The question whether that may be done is not before us.

Office Department,[3] having found the plan necessary to accomplish the purposes of the Act. The plan, which became effective August 20, 1949, provides in § 1 (b):

"The Postmaster General is hereby authorized to delegate to any officer, employee, or agency of the Post Office Department designated by him such of his functions as he deems appropriate."

Section 2 provides for a Deputy Postmaster General who "shall perform such duties as the Postmaster General may designate * * *."

By order No. 55507, published in the Federal Register January 20, 1954, 19 F. R. 361, the Postmaster General delegated to the Deputy Postmaster General authority "to execute and perform in his own name all powers, functions and duties conferred by law upon the Postmaster General * * *." Thus, authority to act as he did in this case had been legally delegated to the Deputy Postmaster General.

The appellant also contends the examiner's decision was final as far as the Post Office Department was concerned, and that the Solicitor could not appeal from it. Section 150.423 of the Departmental Rules of Practice, effective November 6, 1952, provides under the heading of "Appeal from Initial Decision" that "Any party of record in a proceeding, except those who failed to answer the complaint or having answered failed to appear at the hearing, may file a notice of intention to appeal to the Postmaster General * * *." Parker says this rule permits only a respondent to appeal. We think it is clearly applicable, as it purports to be, to "any party of record," and that the complaining Solicitor who instituted the proceeding was such a party.

The findings of fact made by District Judge Edward M. Curran include the following:

"9. With respect to all proceedings conducted by the Post Office Department in the instant action there was a complete and actual separation of investigative, prosecuting and judicial functions.

"10. With respect to the proceedings conducted by the Post Office Department in the instant action no officer, attorney, employee or agent engaged in the performance of the investigative or prosecuting functions for the Post Office Department participated or advised in the agency decision which was made by E. O. Sessions, Deputy Postmaster General, on April 23, 1958.

*    *    *    *    *    *

"12. Public attention was attracted to plaintiff's scheme by means of advertising matter distributed to the public calculated to induce readers to send money through the mail to the plaintiff.

"13. The so-called course of instruction entitled 'Secrets of Wealth, Power and Success' discloses no method of acquiring material wealth, and such course of instruction is of no value, and all of the evidence adduced demonstrates an intent to deceive."

We agree with these findings. The action of the Deputy Postmaster General was supported by sufficient evidence, and the appellant's argument that it was arbitrary, capricious and unwarranted is rejected.

In addition to making the points we have dealt with heretofore, Parker argues that his constitutional rights were violated and that the trial court erred to his prejudice in other respects. We do not stop to discuss the arguments except to say we find no substance in them.

It seems to us that the District Court acted correctly in granting summary judgment to the Postmaster General and his Deputy.

Affirmed.

---

3. The plan may be found following 5 U.S.C.A. § 133z–15, and at 63 Stat. 1066.